**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye Street, N.W., Suite 800<br>Washington, D.C. 20006,<br><br>    Plaintiff,<br><br>    v.<br><br>THE WHITE HOUSE OFFICE<br>OF MANAGEMENT AND BUDGET<br>725 17th Street, N.W.<br>Washington, D.C. 20503<br><br>    and<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE<br>1400 Independence Avenue, S.W.<br>Washington, D.C. 20250,<br><br>    Defendants. | Civil Case No. 18-1508 |

**COMPLAINT**

1. Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to agency records maintained by Defendants White House Office of Management and Budget ("OMB") and the United States Department of Agriculture ("USDA").

2. The records at issue concern the Internet browsing activity of high-ranking agency leadership on government-issued electronic devices, including computers, mobile phones, and tablet devices. Although the statutory deadline for a response has passed, Defendant OMB has failed to issue a final determination on CoA Institute's FOIA request. Defendant USDA has issued a final determination, but in doing so improperly denied CoA Institute's FOIA request and its

subsequent administrative appeal by determining that the requested records are not under agency control. Consequently, both Defendants have withheld agency records to which CoA Institute has a right and that serve the public interest in transparent and accountable government.

## JURISDICTION AND VENUE

3. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5. Plaintiff CoA Institute is a 501(c)(3) non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. CoA Institute regularly requests access under the FOIA to the public records of federal agencies, entities, and offices. CoA Institute disseminates its findings, analysis, and commentary to the public.

6. Defendant OMB is an agency within the meaning of 5 U.S.C. § 552(f)(1). OMB has possession, custody, and/or control of records to which CoA Institute seeks access and that are the subject of this Complaint.

7. Defendant USDA is an agency within the meaning of 5 U.S.C. § 552(f)(1). USDA has possession, custody, and/or control of records to which CoA Institute seeks access and that are the subject of this Complaint.

## FACTS

**A.     The Creation and Maintenance of Internet Browsing Activity Records**

8.      Internet browsers (*e.g.*, Microsoft Internet Explorer, Google Chrome, Apple Safari, *etc.*), or "web browsers," are computer applications composed of numerous software components that can be used to access and view information available online on different website "pages."

9.      An Internet browser accesses a website whenever a user inputs a unique Uniform Resource Locator ("URL")—colloquially known as a website address—and views the online content on his or her electronic device, such as a desktop computer or laptop.

10.     Other electronic devices, including mobile telephones and tablets, can similarly be used to access the Internet and view online content within a browser.

11.     The use of an Internet browser to visit a website entails the automatic creation and collection of numerous pieces of information known collectively as a "session history entry." Such information may include details about the user, his or her individual device and wider network (*e.g.*, Internet Protocol address), and, at a minimum, the location or URL that has been visited.

12.     By navigating between webpages, a browser user adds or modifies entries to his or her session history, which is then maintained on and accessible through the native structure of the browser itself. This information is typically viewed through the "History" function of a browser.

13.     Unless a user disables the "History" function of his or her Internet browser—or, alternatively, activates an "Incognito" or "InPrivate" mode—any online activity will necessarily involve the creation of an electronic record, *viz.*, a memorialization of the URL(s) visited.

14.     The creation of an electronic web browsing record occurs on the user's device, independent of any efforts by a telecommunications and/or Internet service provider to obtain or retain the same information.

15. Upon information and belief, Defendants OMB and USDA maintain computer systems with typical browser capabilities similar to those available to the general public.

16. Upon information and belief, employees and officials of both OMB and USDA have an unrestricted ability to access and use their Internet browsing histories and may dispose of these histories as they or Defendants see fit, subject to all applicable record-retention laws.

17. Federal government employees and officials may use their Internet browsing histories in the course of agency business to return to previously-visited websites.

18. Internet browsing history records are integrated into agency systems and files because they are archived on and accessible through the browsers installed and operated on agency hardware, under agency software certificates, and housed in agency facilities.

19. The "History" function on an Internet browser is the usual agency database for records of Internet browsing activity. These records can be accessed and manipulated in similar fashion to other electronic records, including email, electronic visitor logs, Microsoft Outlook calendar entries, instant/text messages, and software database entries.

20. The extraction, compilation, and/or disclosure of records of Internet browsing activity does not entail the creation of a new record.

21. Internet browsing histories can be exported directly from a browser, with an independent plugin application or simple command line extraction, or by accessing plain text (*e.g.* XML) files that are stored on a local device.

22. Upon information and belief, other agencies subject to the FOIA have disclosed Internet browsing history records as "agency records" upon a valid request.

23. Ensuring public access to records that reflect the Internet browsing activity of top-ranking agency officials is of vital interest to the transparency community and the public-at-large.

These agency records would reveal the types of online resources that have influenced government decision-making. At the same time, they could reveal questionable or inappropriate online activity by government employees and thereby enhance government accountability.

### B.     The July 7, 2017 OMB FOIA Request

24.     By letter, dated July 7, 2017, CoA Institute submitted a FOIA request to Defendant OMB seeking access to "the Internet browsing histories of (1) the [OMB] Director John Michael Mulvaney and (2) the OMB Associate Director of Strategic Planning and Communications." Ex. 1 at 1.  CoA Institute noted that "[r]esponsive records should reflect browsing activity on all government-issued, Internet-connected devices, including desktop and laptop computers, cellular telephones, and tablet devices." *Id.*  CoA Institute also specified that, "[t]o the extent multiple Internet browsers are installed on each device (*e.g.*, Google Chrome, Internet Explorer, *etc.*), CoA Institute seeks access to records of the browsing activity on each application." *Id.*

25.     CoA Institute identified the time period for its request as "January 20, 2017 to the present, or that period reflecting the entire browsing history retained for each of the above-mentioned OMB officials, as applicable." *Id.*  CoA Institute defined the terms "present" and "record" for purposes of its request. *Id.* at 1 n.2 (citing *Pub. Citizen v. Dep't of State*, 276 F.3d 634 (D.C. Cir. 2002), and *Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667, 677 (D.C. Cir. 2016)).

26.     CoA Institute requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.* at 1–3.

27.     By e-mail, dated July 13, 2017, Defendant OMB acknowledged that it had received CoA Institute's request on July 12, 2017 and assigned it tracking number 2017-319. Ex. 2. OMB did not issue any determinations on CoA Institute's fee-related requests.

5

28. Despite repeated attempts by CoA Institute to inquire as to the processing status of the July 7, 2017 FOIA request, Defendant OMB has failed to provide any additional updates.

29. To date, Defendant OMB has neither invoked the automatic statutory extension of its response deadline, *see* 5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa), nor has it provided an estimated date of completion for its determination.

### C. The July 7, 2017 USDA FOIA Request and Subsequent Appeal

30. By letter, dated July 7, 2017, CoA Institute submitted a FOIA request to Defendant USDA seeking access to "copies of the Internet browsing histories of (1) the [USDA] Secretary Sonny Perdue and (2) the USDA Director of Communications." Ex. 3 at 1. CoA Institute noted that "[r]esponsive records should reflect browsing activity on all government-issued, Internet-connected devices, including desktop and laptop computers, cellular telephones, and tablet devices." *Id.* CoA Institute further specified that, "[t]o the extent multiple Internet browsers are installed on each device (*e.g.*, Google Chrome, Internet Explorer, *etc.*), CoA Institute seeks access to records of the browsing activity on each application." *Id.*

31. CoA Institute identified the time period for its request as "January 20, 2017 to the present, or that period reflecting the entire browsing history retained for each of the above-mentioned USDA officials, as applicable." *Id.* CoA Institute defined the terms "present" and "record" for purposes of its request. *Id.* at 1 n.2 (citing *Pub. Citizen v. Dep't of State*, 276 F.3d 634 (D.C. Cir. 2002), and *Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667, 677 (D.C. Cir. 2016)).

32. CoA Institute also requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.* at 1–3.

33. By e-mail, dated July 17, 2017, Defendant USDA acknowledged that it had received CoA Institute's request on July 10, 2017 and assigned it tracking number 2017-OCIO-

05513-F. Ex. 4. Although USDA did not issue any fee determinations, it advised CoA Institute that its fee-related requests were "under review." *Id.* "In the interim, for purposes of fee assessment," USDA classified CoA Institute as "an 'all other requester.'" *Id.*

34. By letter, dated August 30, 2017, Defendant USDA issued its final determination, explaining that it had directed "[a]n inquiry . . . to the Office of the Chief Information Officer's . . . telecommunications provider, Client Technology Services," which "advised that it does not as a matter of course obtain or retain USDA employees' Internet browsing histories." Ex. 5 at 1. USDA accordingly decided that, because "browsing histories are not integrated into the agency's record system or files, [they] do[] not meet the requirements of being under agency control." *Id.* at 2. USDA also determined that "[t]he FOIA . . . does not require agencies to create records for the purposes of satisfying records requests." *Id.*

35. By letter, dated September 7, 2017, CoA Institute timely appealed Defendant USDA's adverse determination, explaining that the agency had "erred both in applying the relevant legal standard for determining agency control and in describing the nature of web browsing records." Ex. 6 at 2. CoA Institute also argued that USDA had "incorrectly concluded that retrieving copies of [Internet browsing] histories would entail the creation of a new record." *Id.*

36. On May 18, 2018, Defendant USDA denied CoA Institute's administrative appeal and summarily upheld "the [Departmental FOIA Office's] initial determination." Ex. 7 at 1. USDA failed to provide any justification for its appeal determination, and it did not address CoA Institute's arguments in any substantive way. *See id.*

## COUNT I
### (Defendant OMB)

### **Violation of the FOIA: Failure to Comply with Statutory Deadlines**

37. CoA Institute repeats and incorporates by reference paragraphs 1 through 36.

38. The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]"  5 U.S.C. § 552(a)(3)(A).

39. The FOIA also requires an agency to respond to valid requests and timely appeals within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. *Id.* § 552(a)(6)(A)(i)–(ii); *id.* § 552(a)(6)(B).  If an agency requires additional time to process a request, the FOIA mandates that the agency provide the requester with "an opportunity to arrange . . . an alternative time frame for processing the request[.]"  *Id.* § 552(a)(6)(B)(ii).

40. CoA Institute's July 7, 2017 FOIA request to Defendant OMB seeks access to agency records maintained by OMB, reasonably describes the records sought, and otherwise complies with the FOIA and applicable OMB regulations.

41. Defendant OMB has failed to issue a final determination on or produce any records responsive to CoA Institute's FOIA request within the applicable time limit.

42. Defendant OMB also has failed to comply with the FOIA in that it has not "arrange[d] . . . an alternative time frame" for responding to CoA Institute's FOIA request, has not issued an estimated date of completion, and has not invited CoA Institute to negotiate an "alternative" response date for its request.

43. CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C) with respect to the July 7, 2017 OMB FOIA request.

## COUNT II
### (Defendant USDA)

### Violation of the FOIA: Improper Withholding of Agency Records

44. CoA Institute repeats and incorporates by reference paragraphs 1 through 36.

8

45. The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A).

46. The FOIA defines a "record" to include "any information . . . maintained by an agency in any format, including an electronic format," *id.* § 552(f)(2)(A), as well as such "information . . . maintained . . . for the purposes of records management." *Id.* § 552(f)(2)(B).

47. A record further qualifies as an "agency record" if it was (1) "'create[d] or obtain[ed]'" by an agency and was (2) under agency "control" at "the time [a] FOIA request [was] made." *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144–45 (1989) (citation omitted).

48. Agency "control" is determined by examining four non-dispositive factors, including "(1) the intent of the document's creator to retain or relinquish control . . . ; (2) the ability of the agency to use and dispose of the record as it sees fit; (3) the extent to which agency personnel have read or relied upon the document; and (4) the degree to which the document was integrated into the agency's record systems of files." *Burka v. Dep't of Health & Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996). These factors are considered as part of a "totality of the circumstances test." *Consumer Fed. of Am. v. Dep't of Agric.*, 455 F.3d 283, 287–88 (D.C. Cir. 2006).

49. CoA Institute's July 7, 2017 FOIA request to Defendant USDA seeks access to agency records maintained by USDA, reasonably describes the records sought, and otherwise complies with the FOIA and applicable USDA regulations.

50. The records at issue, which reflect the Internet browsing activity of certain USDA officials, were created or obtained by Defendant USDA. These records also were under USDA's legal control at the time of CoA Institute's FOIA request. The records are thus subject to the FOIA and must be made available for disclosure under the FOIA.

51. Accessing and disclosing the agency records sought by CoA Institute would not entail the creation of a new record.

52. Defendant USDA improperly determined—in its final determination and in response to CoA Institute's September 7, 2017 administrative appeal—that the records sought by CoA Institute are not "agency records" subject to the FOIA.

53. Defendant USDA also improperly determined that processing CoA Institute's July 7, 2017 FOIA request would require the creation of a new record.

54. Defendant USDA has violated the FOIA by improperly withholding agency records.

55. CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C) with respect to the July 7, 2017 USDA FOIA request.

## RELIEF REQUESTED

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a. Declare that the records sought by CoA Institute in both FOIA requests at issue qualify as "agency records" under the FOIA that must be disclosed, subject to any applicable statutory exemptions;

b. Order Defendant OMB to process CoA Institute's July 7, 2017 FOIA request and issue a final determination within twenty (20) business days of the date of the Order;

c. Order Defendant OMB to conduct an adequate search and to promptly produce all responsive records upon issuance of its final determination;

d. Order Defendant USDA to conduct an adequate search and to promptly produce all responsive records upon issuance of the Order;

e. Maintain jurisdiction over this case until Defendants comply with the Order and, if applicable, adequately justify their treatment of all responsive records;

f. Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

g. Grant such other relief as the Court may deem just and proper.

Dated:  June 26, 2018                             Respectfully submitted,

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey
D.C. Bar No. 1024362
Lee A. Steven
D.C. Bar No. 468543

CAUSE OF ACTION INSTITUTE
1875 Eye Street, N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
lee.steven@causeofaction.org
ryan.mulvey@causeofaction.org

*Counsel for Plaintiff CoA Institute*